IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE L. AGREDANO,

        Petitioner,                      No. CIV S-10-0427 KJM EFB P

    vs.

S. SALINAS,

        Respondent.               FINDINGS AND RECOMMENDATIONS

                              /

       Petitioner is a state prisoner proceeding *in propria persona* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at a parole consideration hearing held on October 23, 2008. He claims that the Board's decision finding him unsuitable for parole violated his right to due process.

       As discussed below, the United States Supreme Court has held that the only inquiry on federal habeas review of a denial of parole is whether the petitioner has received "fair procedures" for vindication of the liberty interest in parole given by the state. *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011). In the context of a California parole suitability hearing, a petitioner receives adequate process when he/she is allowed an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at

1

\*\*2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 16 (1979).  For the reasons that follow, applying this standard here requires that the petition for writ of habeas corpus be denied.

**I. Procedural Background**

Petitioner is confined pursuant to a 1989 judgment of conviction entered against him in the Contra Costa County Superior Court following his conviction on charges of first degree murder with use of a firearm.  Pet. at 1.[1]  Pursuant to that conviction, petitioner was sentenced to fifteen years to life plus one year in state prison. *Id.*

The parole consideration hearing that is placed at issue by the instant petition was held on October 23, 2008. *Id.* at 69.  Petitioner appeared at and participated in the hearing. *Id.* at 69, et seq.  Following deliberations held at the conclusion of the hearing, the Board panel announced their decision to deny petitioner parole for two years and the reasons for that decision.  Doc. 1-1 at 21-35.

Petitioner challenged the Board's 2008 decision in a petition for writ of habeas corpus filed in the Contra Costa County Superior Court.  Answer, Ex. 2.  The Superior Court denied that petition in a reasoned decision on the merits of petitioner's claims.  Answer, Ex. 3.  Petitioner subsequently challenged the Board's 2008 decision in petitions for a writ of habeas corpus filed in the California Court of Appeal and California Supreme Court.  Answer, Exs. 4, 5.  Those petitions were summarily denied.  Answer, Exs. 6, 7.

**II. Petitioner's Claims**

Petitioner claims that the Board's 2008 decision finding him unsuitable for parole violated his right to due process.  He argues that the Board failed to comply with applicable state

---

[1] Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

and federal rules in reaching its decision, and that there was not "some evidence" before the Board that he posed a current danger to society if released from prison. He also argues that the state court decisions denying his habeas petitions were contrary to state and federal law.

**III. Analysis**

The due process clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the due process clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the due process clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). *See also Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981); *Greenholtz*, 442 U.S. at 7 (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *see also Hayward v. Marshall*, 603 F.3d 546, 561 (9th Cir. 2010) (en banc). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." *Greenholtz*, 442 U.S. at 12. *See also Allen*, 482 U.S. at 376-78.

////
////
////
////

1  California's parole scheme[2] gives rise to a liberty interest in parole protected by the
2  federal due process clause. *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL
3  197627, at *2 (Jan. 24, 2011) (per curiam).  However, the United States Supreme Court has held
4  that correct application of California's "some evidence" standard is not required by the federal
5  due process clause. *Swarthout*, 2011 WL 197627, at *2.  Rather, this court's review is limited to
6  the narrow question of whether the petitioner has received adequate process for seeking parole.
7  *Id.* at *3 ("Because the only federal right at issue is procedural, the relevant inquiry is what
8  process [petitioner] received, not whether the state court decided the case correctly.").  Adequate
9  process is provided when the inmate is allowed a meaningful opportunity to be heard and a
10 statement of the reasons why parole was denied. *Id.* at **2-3 (federal due process satisfied
11 where petitioners were "allowed to speak at their parole hearings and to contest the evidence
12 against them, were afforded access to their records in advance, and were notified as to the
13 reasons why parole was denied"); *see also Greenholtz*, 442 U.S. at 16.

14 Here, the record reflects that petitioner was present at the 2008 parole hearing, that he
15 participated in the hearing, and that he was provided with the reasons for the Board's decision to
16 deny parole.  Pursuant to *Swarthout*, this is all that due process requires.  As set forth above,
17 federal due process does not require that the Board's suitability decision be supported by
18 evidence that petitioner was not currently dangerous.  Accordingly, petitioner is not entitled to
19 relief on his due process claim.

20 Petitioner also claims throughout the petition and traverse that the Board failed to comply
21 with state laws and regulations when it found him unsuitable for parole at the 2008 hearing, and
22 that the state courts failed to adequately respond to the claims raised in his habeas corpus
23 petitions filed in those courts.  Petitioner's arguments that the Board, and state courts upholding

---

[2] In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal.4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002).

4

the Board's decision, erred in applying state law are not cognizable in this federal habeas corpus proceeding. *See Rivera v. Illinois*, ___ U.S. ___, 129 S.Ct. 1446, 1454 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting *Engle v. Isaac*, 456 U.S. 107, 121, n. 21 (1982) and *Estelle v. McGuire*, 502 U.S. 62, 67, 72-73 (1991)). Accordingly, these claims must be denied as well.

**VI. Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: February 8, 2011.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE